# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS L. SCHAAP,<br><br>          Petitioner,<br><br>     v.<br><br>RAYMOND MADDEN, Warden,<br><br>          Respondent. | Case No.: 1:16-cv-00385-AWI-JLT (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [Doc. No. 20]<br><br>[TWENTY-ONE DAY OBJECTION PERIOD] |

Respondent asserts that the violates the statute of limitations. The Court agrees and will therefore recommend that Respondent's motion be granted and the petition be dismissed with prejudice.

**DISCUSSION**

I.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to

1

evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitation period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on March 16, 2016, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, Petitioner was sentenced on September 28, 2011.  On April 29, 2013, the California Court of Appeal, Fifth Appellate District ("Fifth DCA"), modified the judgment to strike the restitution fine and affirmed the judgment as modified.  Petitioner did not seek review in the California Supreme Court.

Petitioner also filed two habeas petitions in the state courts, as follows:

**First Petition:**
October 16, 2015: Petition for writ of habeas corpus filed in the Fifth DCA.
November 18, 2015: Petition denied.

**Second Petition**:
December 1, 2015: Petition for writ of habeas corpus filed in the California Supreme Court.
March 9, 2016: Petition denied.

Direct review concluded on June 8, 2013, when the forty-day period to seek review ended.  See Cal. Rules of Court §§ 8.366, 8.500.  The one-year period under the AEDPA in which to file a federal

habeas petition commenced the following day, on June 9, 2013, and expired on June 8, 2014. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). Petitioner did not file the instant petition until March 16, 2016[1], which was over twenty-one months after the limitations period expired. Thus, the federal petition was untimely filed.

III.     Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(*per curiam*); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. Here, Petitioner is not entitled to any tolling for the time his two state habeas petitions were pending, since they were filed after the limitations period had expired. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

In addition, in his opposition Petitioner contends that he filed a petition for writ of error coram nobis and a petition for writ of mandate in the state courts during the time the limitations period was running. As pointed out by Respondent, the petition for writ of error coram nobis challenged an April 17, 2006, no contest plea for a 2003 complaint, and the petition for writ of mandate challenged the superior court's denial of the petition for writ of error coram nobis. Since the petitions challenged a

---

[1] Under the mailbox rule, a petitioner's pleading is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276 (1988). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.

3

different judgment than the 2013 judgment at issue here, 28 U.S.C. § 2244(d)(2) does not permit tolling of the limitations period with respect to the 2013 judgment.

IV.     Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  Equitable tolling may be granted when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

In this case, Petitioner claims he should be entitled to equitable tolling.  However, he fails to offer any specifics on why equitable tolling is warranted.  He refers the Court only to a timeline of filings.  In this timeline, Petitioner again offers no specifics.  In his reference to the date of June 29, 2015, he states: "New trigger date of newly discovered information as provided by defense counsel Ms. Tara Howard. (Appendix B, at pages 1-6.) Basis of allegations of P.H.C. and proof of ineffective assistance of counsel."  (Doc. No. 25 at 19.)  The first two pages of Exhibit B concern a letter Petitioner's counsel wrote to Petitioner on February 14, 2012.  Since it predates Petitioner's alleged date of discovery by over three years, it is irrelevant.  In addition, pages four and five are letters written by Petitioner to Kentucky attorneys Mr. Stanziano and Mr. Chote.  Yet, Petitioner is only arguing that he did not receive his legal file from Ms. Howard in a timely manner.  Therefore, these letters are also irrelevant.

Page three is a letter written by Petitioner on June 2, 2015, requesting that Ms. Howard provide his legal file. Page six is Ms. Howard's June 29, 2015, letter in response in which she states she is providing his legal documents. Petitioner fails to state what documents she provided were necessary and why he could not file his petition sooner without these documents. In addition, Petitioner does not attach these documents to either state court petition or the federal petition. More importantly, Petitioner's request was apparently not made until June 2, 2015, which was well after the limitations period had already expired. Petitioner fails to account for those years between conclusion of direct review and the date he finally requested his files. Therefore, Petitioner did not act diligently.

In sum, Petitioner fails to demonstrate any extraordinary circumstance stood in his way of timely filing his federal petition, and he fails to show that he acted diligently. He should not be granted equitable tolling.

V.     Later Start Date Under 28 U.S.C. § 2244(d)(1)(D)

Petitioner also argues that the limitations period did not commence until the date he discovered the factual predicate for his claims. As set forth above, under § 2244(d)(1)(D), the one-year limitation period starts on the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," Hasan v. Galaza, 254 F.3d 1150, 1154, fn. 3 (9th Cir. 2001) (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)), not when the factual predicate was actually discovered by Petitioner and not when Petitioner understands the legal theories available to him or the legal significance of the facts that he discovers. Due diligence does not require "the maximum feasible diligence," but it does require reasonable diligence in the circumstances. Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) (quoting Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004)).

The basis for Petitioner's actual innocence claim is evidence in the form of recantation testimony of the victim. As Respondent points out, Petitioner was well aware of this evidence even before the finality of direct review. In a letter concerning Petitioner's case dated May 10, 2012, Petitioner's attorney Patricia J. Ulibarri responds to his questions concerning the subject of the victim possibly recanting his testimony and its likely effect in a habeas proceeding. (Doc. No. 25 at p. 44.) In addition, in his habeas petition to the California Supreme Court, Petitioner claims his appellate

counsel was ineffective in failing to investigate, even though "appellate counsel was fully alerted, appraised of the fact that petitioner's son had recanted." (Doc. No. 25 at p. 94.) Therefore, it is clear Petitioner knew the factual predicate for his claims well before the finality of direct review. Petitioner is thus not entitled to a later start date under 28 U.S.C. § 2244(d)(1)(D).

VI.     Actual Innocence

Finally, Petitioner claims he is exempt from the statute of limitations because he is actually innocent of the underlying offense. The Supreme Court has held that actual innocence can constitute an equitable exception to AEDPA's statute of limitations; however, "tenable actual-innocence gateway pleas are rare . . . ." McQuiggin v. Perkins, 569 U.S. ___, 2013 WL 2300806, *3 (2013); see also House v. Bell, 547 U.S. 518, 538 (2006) (emphasizing that the Schlup standard is "demanding" and seldom met). The Supreme Court stated that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup v. Delo, 513, U.S. 298, 329 (1995). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Id. at 324.

Petitioner fails to meet this demanding standard. First, as pointed out by Respondent, Petitioner pled guilty to committing a lewd act against his son. Second, Petitioner has proffered no new evidence whatsoever. He submits that the victim has recanted his testimony, but he provides no evidence in support of this allegation. Third, even if he had provided an affidavit from the victim recanting his testimony, such evidence is viewed with great suspicion. Dobbert v. Wainwright, 468 U.S. 1231, 1233-34 (1984). Moreover, the victim's statements to law enforcement were corroborated by the victim's grandmother and his sister. (Doc. No. 25 at p. 88.) Fourth, Petitioner was previously convicted of eleven counts of lewd and lascivious conduct with a minor and was a registered sex offender at the time he molested his son, and his prior convictions would have been admitted had he gone to trial. (Doc. No. 25 at 76-77.) Petitioner has failed to submit any newly discovered evidence, and he has failed to demonstrate that, in light of the evidence, no reasonable juror would have found

him guilty.  Thus, his claim of actual innocence fails.  <u>Schlup</u>, 513 U.S. at 329.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the motion to dismiss be **GRANTED** and the habeas corpus petition be **DISMISSED WITH PREJUDICE** for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 17, 2016**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE